IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEAN M. RIECK,

    Plaintiff,

vs.    No. 225-cv-00066-JHR

ALFRED SANCHEZ, ET AL.,

    Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Defendant's filed a motion to dismiss, but Defendant's haven't disputed the facts-because they cannot, nor have they pleaded a legitimate defense-because they have none.

By quoting several federal cases, Defendant's 'infer' that the complaint doesn't state "detailed factual allegations","conclusions of law and the asserted application of law to the alleged facts", concluding, "courts are not required to accept as true legal conclusions that are masquerading as factual allegations " Def. Motion To Dismiss at p. 2.

-1-

However, review of the complaint reveals that it states very specific and detailed facts, supported by evidence set forth in the Exhibits, relating to Defendant's deprivation of Plaintiff's property without due process in violation of the Fourteenth Amendment, U.S. Constitution.

## ARGUMENT

Defendant's entire argument centers on Hudson v. Palmer, 468 U.S. 517 (1984), which they claim bars Plaintiff's suit because "there are adequate state level remedies through which Plaintiff h as not sought relief". Def. Motion to Dismiss at p. 4.

In Hudson, the issues were whether a prisoner has a reasonable expectation of privacy in his prison cell under the Fourth Amendment and whether an intentional deprivation of his property by a state employee violates the due process clause if the state provides an adequate post deprivation remedy.

The U.S Supreme Court ruled that a prisoner does not have a reasonable expectation of privacy in his prison cell under the Fourth Amendment and that intentional deprivation of property

does not violate the due process clause if the state provides an adequate postdeprivation remedy.

A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudged delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program". 28 U.SC. sec. 1915(e)(2). Accord, <u>Jackson v. Lawrence Police Dept.</u>, No. 22-3302 (D. Kan. 1-27-2023).

Plaintiff was not a prisoner confined in any facility, nor was he on parole, probation. or pretrial release, when: (1) Defendant's Seized his property; (2) Plaintiff requested that Defendant's return his property; (3) Defendant's refused to return Plaintiff's property; (4) Plaintiff filed the complaint in this cause; or (5) at the present time.

<u>No</u> federal court has <u>ever</u> applied the <u>Hudson</u> ruling to <u>any</u> non-prisoner case in the succeeding (41) years, and this case has absolutely nothing to do with prison conditions or search and seizure in a prison.

-3-

Defendant's motion to dismiss is completely friolous and must be DENIED.

Dated: <u>5-19-2025</u>.          Respectfully submitted,

*Dean M. Rieck* (signature)
Dean M. Rieck, Pro Se
1855 Picacho Ave # 6
Las Cruces, NM 88005
(575) 800-9883
dean64125@gmail.com

I hereby certify under the penalty of perjury pursuant to 28 U.S..C. sec. 1746 that I served a true and correct copy of the foregoing response upon counsel for Defendant's via U.S. Mail on this 19th day of May 2025: Daniel J. Macke, 8206 Louisiana Blvd. N.E., Ste. A, Albuquerque, NM 87113.

*Dean M. Rieck* (signature)
Dean M Rieck, Pro Se

-4-