IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEAN M. RIECK,

     Plaintiff,

v.                                                                      No. 2:25-cv-0066-JB-JHR

ALFRED SANCHEZ, and
KIM STEWART,

     Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO GRANT [8] DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND DENY [12] PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY**

THIS MATTER comes before me on Defendant Alfred Sanchez's and Kim Stewart's Motion to Dismiss Plaintiff's Complaint [Doc. 8]. Pro se plaintiff Dean M. Rieck filed a response in opposition [Doc. 9], and Defendants replied [Doc. 10]. Presiding District Judge James Browning referred this case to me pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3) to submit proposed findings and a recommended disposition. [Doc. 20]. After reviewing the parties' briefing, the record, and the applicable law, I RECOMMEND the Court GRANT Defendants' motion to dismiss [Doc. 8] and DENY Rieck's motion for leave to file a surreply [Doc. 12].

## I.     BACKGROUND

Rieck's complaint seeks the return of certain property confiscated during and after his arrest for various crimes in 2014. [Doc. 1]. Rieck was released from prison and discharged from probation in 2024. *Id.* at 8. He then contacted the Dona Ana Sherriff's Office to request an "evidence review" of all his property confiscated during his 2014 arrest. *Id.* "After many phone calls and e-mails," Rieck says he "was finally allowed to conduct an evidence review on 6-13-2024." *Id.* His efforts yielded "most (75%)" of his property released on August 27, 2024. *Id.* at 9.

However, he complains that his emails requesting the rest of his property—including laptops, tablets, hard drives and other electronics—were ignored. *Id.* at 10. Rieck seeks a declaratory judgment, injunctive relief, and money damages for this alleged unconstitutional deprivation of property. *Id.* at 12, 13.

Defendants move to dismiss the complaint arguing that Rieck fails to state a claim because he did not exhaust the remedies available to him at the state court level. [Doc. 8]. Defendants explain that procedural due process requires a meaningful post-deprivation remedy, typically in the form of a hearing. *Id.* at 8 (collecting cases). They contend that Rieck's informal emails fail to meet this standard and note that he has not filed any sort of state court lawsuit to recover his property. *Id.* Rieck responds by critiquing Defendant's citation to *Hudson v. Palmer*, 468 U.S. 517 (1984) as inapplicable because he was out of custody when his property was confiscated. *Id.* at 2–3. Defendants reply that the general principle of *Hudson* advancing a meaningful remedy to cure property deprivation by the state still stands, and regardless, Rieck did not use any state remedy before filing this lawsuit. [Doc. 10]. Rieck also requests leave to file a surreply to further scrutinize non-dispositive aspects of Defendants' case law. [Doc. 12].

## II.    <u>LEGAL STANDARDS</u>

Defendants may move for dismissal for part or all of a complaint for failure to state a plausible claim for relief. Fed. R. Civ. P. 12(b)(6). A claim is "plausible" when the court can reasonably infer from the complaint that the defendant is liable for the plaintiff's injuries. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, the plaintiff must put forth facts stating a claim to relief that is "plausible on its face." *Id.* Only factual allegations matter to this determination and the court must disregard assumptions, speculation, or legal conclusions within the complaint. *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)); *Bledsoe v. Carreno*, 53 F.4th 589, 606–07 (10th Cir. 2022). In addition, while not needing lengthy or detailed facts the plaintiff must elaborate beyond "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. However, the court must construe the complaint and make all reasonable inferences from it in favor of the plaintiff. *Brooks v. Mentor Worldwide LLC,* 985 F.3d 1272, 1281 (10th Cir. 2021).

### III.    ANALYSIS

### A.  Law Regarding Fourteenth Amendment Procedural Due Process.

The Constitution prohibits the government from taking a citizen's life, liberty, or property "without due process of law.'" U.S. Const. amend. XIV, § 1. When a plaintiff alleges that a state seized his property in violation of his procedural due process rights, he must first exhaust state-level process before seeking federal relief. *Pinder v. Mitchell*, 658 F. App'x 451, 453 (10th Cir. 2016)*.* To determine whether a constitutional violation has occurred, "it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). A plaintiff can only claim a taking of property occurred without due process of law if the state provided no remedies or inadequate remedies. *Pinder*, 658 F. App'x at 453-454 (collecting cases).

The Tenth Circuit prescribes a two-step inquiry in determining whether an individual's procedural due process rights were violated: (i) "Did the individual possess a protected property interest to which due process protection was applicable?"; and (ii) "Was the individual afforded an appropriate level of process?" *Camuglia v. The City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir.2006) (quoting *Clark v. City of Draper*, 168 F.3d 1185, 1189 (10th Cir.1999)).  As for the second step, ordinarily one who has a protected property interest is entitled to a hearing before the government acts to impair that interest, although the hearing need not necessarily provide all, or

3

even most, of the protections a trial affords. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The hearing required depends on: (i) the nature of the private interest at stake; (ii) the risk of erroneous deprivation given the procedures already guaranteed, and whether additional procedural safeguards would prove valuable; and (iii) the government's interest and the burdens that additional procedures might impose. *See Mathews*, 424 U.S. at 335.

"Due process is flexible and calls [only] for such procedural protections as the particular situation demands." *Id.* at 334  (internal quotation and brackets omitted). For example, "[w]here . . . the state must act quickly [to seize property], a meaningful post-deprivation hearing is adequate." *Clark,* 168 F.3d at 1189. In that regard, the court must determine "whether the deprivation was 'random,' whether pre-deprivation due process was impracticable, and whether the state actor was not authorized to take the action that deprived the plaintiff of his liberty." *Gonzales v. Trujillo*, CIV 00-0615, 2001 WL 37125352, at *5 (D.N.M. Jan. 12, 2001) (finding officer excessive force in effecting arrest to be a random incident thus precluding pre-deprivation process) (internal citation omitted). To state a claim for denial of procedural due process, "the plaintiff must plead and prove that a post-deprivation remedy is not available." *Id.*

### B. I Propose Finding that Rieck Has Not Exhausted His State Level Remedies and Therefore Cannot Seek Federal Relief.

I recommend the Court grant Defendants' motion to dismiss because Rieck failed to employ any post-deprivation remedy in state court before filing in federal court. There appears to be no dispute that Rieck has a protected property interest in his electronic devices. Law enforcement confiscated Rieck's electronics pursuant to a pre-arrest search warrant, which made pre-deprivation process impracticable. *See Gonzales*, 2001 WL 37125352, at *5.  Nonetheless, post-deprivation remedies in state court are still available to Rieck which remain unused and

4

"preclude a claim for a denial of procedural due process under the Fourteenth Amendment." *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517, 533-536 (1984)).

As Defendants note, Rieck can pursue post-deprivation remedies under several theories. [Doc. 8, at 3]; *See, e.g., Nosker v. Trinity Land Co.*, 1988-NMCA-035, ¶ 20 (conversion); *United States v. Copeman*, 458 F.3d 1070, 1073 (10th Cir. 2006) (state judicial-forfeiture); Rule 5-212(A) NMRA (motion to return property); N.M. Stat. Ann. § 41-4-12 (violation of property right or property damage via New Mexico Tort Claims Act). What is clear is that Rieck's informal emails to the Dona Ana Sherriff's Office asking for his electronics do not constitute meaningful process. Rieck's response and motion for surreply focusing on irrelevant points fail to persuade otherwise. *See* [Docs. 9, 12]. In sum, Rieck has adequate state remedies at his disposal, "even if imperfect," which he has not pled nor proven unavailable. *See Copeman*, 458 F.3d at 1073. Thus, Rieck fails to state a claim for violation of his Fourteenth Amendment due process rights. *See Pinder*, 658 F. App'x at 453.

## IV.    CONCLUSION AND RECOMMENDATION

For the above reasons, I **RECOMMEND** the Court **GRANT** Defendants Motion to Dismiss Plaintiff's Complaint [Doc. 8] and **DENY** Rieck's Motion for Leave to File a Surreply [Doc. 12].

I further recommend the Court allow Rieck the opportunity to file an amended complaint in order to plead exhaustion of state-level remedies within 30 days of entry of this Order. Should Rieck fail to comply either with the state remedy requirement or the time to file, I recommend the Court dismiss the matter without prejudice.

_____
HON. JERRY H. RITTER
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**