IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEAN M. RIECK,

     Plaintiff,

vs.                                                                                              No. CIV 25-0066 JB/JHR

ALFRED SANCHEZ, and
KIM STEWART,

     Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on the Plaintiff's Objections to the Proposed Findings and Recommended Disposition, filed March 23, 2026 (Doc. 26)("Objections"). The Honorable Jerry H. Ritter, United States Magistrate Judge for the United States District Court for the District of New Mexico, files the Magistrate Judge's Proposed Findings and Recommended Disposition on March 2, 2026 (Doc. 21)("PFRD"). The PFRD notifies the parties of their ability to file Objections within fourteen days and that the failure to file Objections waives appellate review. <u>See</u> PFRD at 6. In the Memorandum Opinion and Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 16, 2026 (Doc. 23)("MOO"), the Court adopts Magistrate Judge Ritter's PFRD, because the PFRD returns as undeliverable when mailed to Rieck's address of record. <u>See</u> MOO at 1. After the Court enters the MOO, and after the deadline to object runs, Plaintiff Dean M. Rieck files the Objections. <u>See</u> Objections at 1. Because Rieck's Objection is untimely, the Court need not consider it. <u>See</u> <u>United States v. One Parcel</u>, 73 F.3d 1057, 1059 (10th Cir)("[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). The Court, nevertheless, in the interest of completeness, addresses the Objections to determine if the PFRD is clearly erroneous. The primary issues that the Objections present are: (i) whether the

Court can rely on <u>Pinder v. Mitchell</u>, 658 F. App'x 451 (10th Cir. 2016)("<u>Pinder</u>"), given that it is an unpublished decision; (ii) whether the United States Court of Appeals for the Tenth Circuit incorrectly decides <u>Pinder</u> given that no other federal court has ruled that the decision in <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984)("<u>Hudson</u>"), regarding exhaustion of State remedies applies to a non-prison case; (iii) whether the Court should rely on <u>Pinder</u> when the facts in this case are distinguishable from <u>Pinder</u>'s facts; and (iv) whether Magistrate Judge Ritter's recommendation that the Court allow Rieck the opportunity to file an amended complaint to plead exhaustion of State-level remedies within thirty days of the PFRD's entry is proper when Rieck cannot exhaust State-level remedies in thirty days.  The Court concludes that: (i) the Court can rely on <u>Pinder</u>, because unpublished decisions may be cited for their persuasive value; (ii) the Tenth Circuit does not incorrectly decide <u>Pinder</u>, because <u>Hudson</u> does not cabin its holding to prisoner cases; (iii) the Court may rely on <u>Pinder</u>, because it articulates the exhaustion requirement for deprivation of property rights claims; and (iv) Magistrate Judge Ritter's recommendation that the Court allow Rieck the opportunity to file an amended complaint to plead exhaustion of State-level remedies within thirty days of the PFRD's entry is proper, because it allows Rieck the opportunity to amend his complaint if he already has exhausted State-level remedies.  The Court therefore overrules the Objections.

## **FACTUAL BACKGROUND**

No party objects to the PFRD's factual background.  Concluding that the facts Magistrate Judge Ritter states then are not clearly erroneous, the Court adopts the PFRD's facts.  <u>See</u> <u>Alexander v. Kirkpatrick</u>, 435 F. Supp. 3d 1216, 1221-22 (D.N.M. 2020)(Browning, J.)("Because the parties have not objected to it, the Court does not review the PFRD de novo, but rather reviews [the PFRD] to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.").

Rieck's Complaint, filed January 23, 2025 (Doc. 1), seeks the return of property confiscated during and after his arrest for various crimes in 2014.  See PFRD at 1.  Rieck is released from prison and discharged from probation in 2024.  See PFRD at 1.  He then contacts the Dona Ana Sheriff's Office to request an "evidence review" of all his property confiscated during his 2014 arrest.  PFRD at 1.  Rieck says "[a]fter many phone calls and e-mails," he "was finally allowed to conduct an evidence review on 6-13-2024."  PFRD at 1.  His efforts yield "most (75%)" of his property released on August 27, 2024.  PFRD at 1.  He complains, however, that his emails requesting the rest of his property -- including laptops, tablets, hard drives, and other electronics -- are ignored.  See PFRD at 2.  Rieck seeks a declaratory judgment, injunctive relief, and money damages for this alleged unconditional deprivation of property.  See PFRD at 2.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense. . . .").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir.1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit notes, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir.1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit holds "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059. In addition to requiring specificity in objections, the Tenth Circuit states that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a

petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 Fed. Appx. 795, 796 (10th Cir.2007).[1]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expands the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- notes:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. *See* S.Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H.R.Rep. No. 94-1609, p. 11 (1976), U.S.Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or *ruling* on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." *See* Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the

---

[1]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citing In re Citation of Unpublished Opinions/Orders & Judgments, 151 F.R.D. 470 (10th Cir. 1993)). The Court concludes that Pevehouse v. Scibana and Pinder v. Mitchell, 658 F. App'x 451 (10th Cir. 2016) have persuasive value with respect to a material issue, and will assist the Court in its disposition of the matters now before it.

Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. *See id.,* at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. *See* Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original).

The Tenth Circuit also notes, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations."). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit notes that the district judge decides sua sponte to conduct a de novo review despite the objections' lack of specificity, but the Tenth Circuit deems the issues waived on appeal, because waiver advances the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals

where district courts elect to address merits despite potential application of waiver rule, but Courts of Appeals opt to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate judge's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate judge's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir.2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102

F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).  "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise."  Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth Circuit holds that a district court properly conducts a de novo review of a party's evidentiary objections when the district court's "terse" order contains one sentence for each of the party's "substantive claims" and does "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion."  Garcia v. City of Albuquerque, 232 F.3d at 766.  The Tenth Circuit explains that brief district court orders that "merely repeat[ ] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducts a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's PFRD, the Court reviews, as a matter of course and in the interests of justice, the Magistrate Judge's recommendations.  In Pablo v. Soc.

Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the plaintiff fails to respond to the Magistrate Judge's PFRD, and thus waives his right to appeal the recommendations, but the Court nevertheless conducts a review. See 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PFRD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the PFRD where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (quoting Workheiser v. City of Clovis, No. CIV 12–0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.)). See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard

of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is at the bottom of the order adopting the Magistrate Judge's PFRD.

### ANALYSIS

The Court overrules the Objections.  First, the Court may rely on Pinder, because the Court may cite unpublished decisions for their persuasive value.  Second, the Tenth Circuit does not incorrectly decide Pinder, because Hudson does not cabin its holding to prisoner cases.  Third, the Court may rely on Pinder, because it articulates the exhaustion requirement for deprivation of property rights claims.  Fourth, Magistrate Judge Ritter's recommendation that the Court allow Rieck the opportunity to file an amended complaint to plead exhaustion of State-level remedies within thirty days of the PFRD's entry is proper, because it allows Rieck the opportunity to amend his Complaint if he already has exhausted State-level remedies.

I.   **THE COURT MAY RELY ON PINDER, BECAUSE THE COURT MAY CITE UNPUBLISHED TENTH CIRCUIT DECISIONS FOR THEIR PERSUASIVE VALUE.**

Rieck argues that the Court should not rely on Pinder, because it is an unpublished opinion and, thus, not precedential.  See Objections at 1.  This argument does not have force, because the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Court therefore overrules this Objection and concludes that Magistrate Judge Ritter's reliance on Pinder is not erroneous.

II.  **THE TENTH CIRCUIT DOES NOT DECIDE PINDER INCORRECTLY, BECAUSE HUDSON DOES NOT CABIN ITS HOLDING TO PRISONER CASES.**

Rieck next argues that Pinder is a flawed decision, because no other federal courts hold that the Supreme Court's decision in Hudson regarding the exhaustion of State remedies applies

- 10 -

outside the prison context.  See Objections at 2.  The Supreme Court in Hudson, however, does not cabin its holding to prisoners.  See 468 U.S. at 533 ("Accordingly, we hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").  That language supports the Tenth Circuit's conclusion that, to determine whether a Constitutional violation occurs in a 42 U.S.C. § 1983 property-deprivation case, a court "must ask what process the State provided, and whether it was constitutionally adequate."  Pinder, 658 F. App'x at 543.  "Only if the State provided no remedies, or the remedies were inadequate, could a plaintiff claim a taking of property occurred without due process of law."  Pinder, 658 F. App'x at 543.  The Court therefore overrules the Objections and concludes the Magistrate Judge Ritter's application of Pinder is not erroneous.

### III.    THE COURT MAY RELY ON PINDER, BECAUSE IT ARTICULATES THE EXHAUSTION REQUIREMENT FOR DEPRIVATION OF PROPERTY RIGHTS CLAIMS.

Rieck's next objection consists of a single sentence: "The facts in this case are distinguishable from Pinder."  Objections at 2.  The Court agrees that the facts here differ from those in Pinder.  Those factual differences do not affect, however, the rule that governs Rieck's claim.  Rieck seeks to bring a § 1983 deprivation of property claim.  See Complaint at 3.  Pinder provides the exhaustion rule for those individuals who seek to bring a § 1983 deprivation-of-property claim.  See Pinder, 658 F. App'x at 543.  Because Rieck identifies no material distinction that renders Pinder inapplicable, the Court overrules the Objection and concludes that Magistrate Judge Ritter's application of Pinder is not erroneous.

### IV.    MAGISTRATE JUDGE RITTER'S RECOMMENDATION THAT THE COURT ALLOW RIECK THE OPPORTUNITY TO FILE AN AMENDED COMPLAINT TO PLEAD EXHAUSTION OF STATE-LEVEL REMEDIES WITHIN THIRTY DAYS OF ENTRY OF THE PFRD IS PROPER.

Rieck's final argument is that Magistrate Judge Ritters' recommendation that the Court allow "Rieck the opportunity to file an amended complaint in order to plead exhaustion of state level remedies within thirty days of entry of this order" is improper, because he cannot exhaust his state remedies within thirty days. Objections at 3. Rieck misunderstands the recommendation. Magistrate Judge Ritter recommends that the Court allow Rieck thirty days to amend his Complaint if he already has exhausted his State remedies and can plead that exhaustion. The recommendation does not require Rieck to exhaust his state remedies within thirty days. Indeed, this possibility is why Magistrate Judge Ritter recommends dismissal without prejudice. See PFRD at 5. If Rieck exhausts his state remedies in the future, he may file a new complaint asserting those allegations. The Court therefore overrules the Objections and concludes that Magistrate Judge Ritter's recommendation that Rieck be afforded thirty days to amend his complaint is not erroneous.

**IT IS ORDERED** that the Plaintiff's Objections to the Proposed Findings and Recommended Disposition, filed March 23, 2026 (Doc. 26), are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Dean M. Rieck
Las Cruces, New Mexico

    *Plaintiff pro se*

Daniel J. Macke
Macke Law & Policy, LLC
Albuquerque, New Mexico

    *Attorney for the Defendants*